ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This attorney disciplinary proceeding arises from ten counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, G. Don Irby, a currently disbarred attorney.[1]
UNDERLYING FACTS

Count I

Edward Dufrene retained respondent to represent him in a legal matter involving Shell Oil Company. Respondent settled the case for the sum of $20,000, deposited those funds to his trust account, then converted the funds to his own use. The ODC notified respondent of the complaint, but he failed and refused to respond to the complaint or otherwise cooperate with the ODC.

Count II

Gloria Hartman retained respondent to represent her in a personal injury matter. The respondent settled the personal injury matter and retained the funds to pay a third party health care provider. Respondent failed to pay the health care providers, converting the funds to his own use. The ODC notified respondent of the complaint, but he failed and refused to respond to the complaint or otherwise cooperate with the ODC.

_[gCount III

Sally Dufrene retained respondent to represent her in a civil matter. She paid him $500.00, but he performed no work and failed to communicate with his client. Further, respondent neglected the legal matter entrusted to him and failed and refused to return the unearned fee. Respondent was served with notice of the complaint, but he failed to respond to the *625 complaint or otherwise cooperate with the ODC’s ongoing investigation.

Count IV

Linwood Brooks retained respondent to represent him in a disability claim. Respondent settled the disability claim for the sum of $4,000.00. He then converted this sum to his own use and failed to pay third party providers or the client out of the $4,000 disability check. The ODC served notice of the complaint upon respondent, but he failed and refused to reply to the complaint or otherwise cooperate with the ODC.

Count V

Respondent accepted the sum of $750.00 to represent Joy Eusea Dupre in a bankruptcy proceeding. Respondent failed to communicate with his client, neglected the matter, and then ultimately filed defective pleadings in the form of defective schedules with the bankruptcy court. The bankruptcy court dismissed the client’s bankruptcy petition after respondent’s further neglect. Respondent failed to communicate with a client, neglected a legal matter entrusted to him, failed to provide competent representation, and failed to refund an unearned fee. The ODC served respondent with notice of the complaint, but he failed and refused to respond to the complaint or otherwise cooperate with the ODC.

Count VI

John O’Donnell retained respondent to represent him in a bankruptcy filing and paid him $400.00 in fees. Respondent failed and refused to communicate with his client, failed and refused to file the bankruptcy proceeding and neglected a legal matter entrusted to him. Respondent failed to return an unearned fee. Although the ODC served respondent with notice of the complaint, Rhe failed and refused to answer the complaint or otherwise cooperate with the ODC’s ongoing investigation.

Count VII

Marvin and Naomi McBroom retained respondent to represent them in a personal injury matter. Without the clients’ knowledge, consent or permission, respondent forged their names to the settlement draft and documents and converted the funds of the settlement to his own use. Later, out of a total settlement of $5,062.75, respondent ultimately paid his clients the sum of $2,957.17. Although the ODC served him with notice of the complaint, respondent failed to answer the complaint or otherwise cooperate with the ODC’s ongoing investigation.

Count VIII

Mark Ecroyd hired respondent to represent him in connection with a worker’s compensation claim. Respondent settled Mr. Ecroyd’s claim for $30,000.00, but he withheld $10,000.00 for fees and “expenses.” Respondent failed and refused to give Mr. Ecroyd an accounting when he questioned the excessive nature of respondent’s fees and expenses. The ODC served respondent with notice of the complaint but he ignored it. The ODC then issued and served a subpoena upon respondent and his deposition was taken. The ODC has held the record open for respondent to provide a true and accurate accounting of the expenses which he charged to his former client, but to date, the respondent has failed and refused to provide the necessary accounting.

Count IX

Lucille Fiffie retained respondent to represent her in connection with a personal injury case. Respondent settled the case for the sum of $8,000.00 without the knowledge, consent, or permission of the client. Respondent forged the client’s name to the settlement draft and converted the funds to his own use. The ODC gave respondent notice of the complaint, but he failed and refused to answer the complaint or otherwise cooperate with the ODC’s ongoing investigation.

*626
Count X

|4Ted Plaisance retained respondent to represent him in a personal injury case. Respondent withheld the sum of approximately $1,000.00 at the time of settlement to pay third party providers, but he failed and refused to do so. He converted the funds withheld from the settlement to his own use. Despite respondent’s knowledge of the existence of the complaint, he failed and refused to respond or otherwise cooperate with ODC’s ongoing investigation.
DISCIPLINARY PROCEEDINGS
After investigating the complainants, the ODC instituted formal charges against respondent, alleging violation of Rules 1.3, 1.4(b), 1.8(c), 1.15(b), and 8.4(a), (b), (c) and (g) of the Rules of Professional Conduct.[2] Respondent was served with notice of all ten counts against him | son June 3,1998 by certified mail.[3] Respondent failed to submit an answer to any of the charges, and the matter was submitted to the hearing committee on documentary evidence only. The ODC argued respondent violated duties owed to his client, that the mental element involved is intentional, and that the harm done to his clients in many respects has been substantial, particularly in the financial harm he has caused through his conversions. The ODC recognized the following factors in aggravation: prior disciplinary offense;[4] dishonest or selfish motive; a pattern of misconduct; multiple offenses; bad faith obstruction of the disciplinary process by intentionally failing to comply with rules or orders of the disciplinary agency; refusal to acknowledge the wrongful nature of his conduct; victim vulnerability; substantial experience in the practice of law; and indifference to making restitution. The ODC indicated there were no mitigating factors, and suggested that the only reasonable sanction is disbarment.

Hearing Committee Recommendation

The hearing committee concluded respondent violated Rules 1.15,1.3, 1.4, 8.1(c) and 8.4(b), (c) and (g) of the Rules of Professional Conduct. The committee noted that respondent’s misconduct extends over a protracted period of time, reflects dishonesty, self-dealing, and absolutely no remorse. Citing respondent’s lengthy his *627 tory of complete disregard for the rights of his clients and the harm done to them and the legal system, the committee recommended disbarment.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee, finding all charges were proved by clear and convincing evidence. The board found respondent violated | (¡duties owed to the legal system, the profession and the public, and he has engaged in knowing and intentional misconduct.
Pursuant to §§ 4.41 and 7.1 of the A.B.A. Standards for Imposing Laivyer Discipline, the board noted disbarment is the baseline sanction. Recognizing the fact that respondent was already disbarred, the board recommended the minimum period for respondent to apply for readmission be extended by another five years, to run from the date of finality of the court’s judgment in this matter.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of fact made by the hearing committee and disciplinary board that respondent committed the professional misconduct as charged. Respondent knowingly and intentionally converted funds from his clients, and he later failed to provide restitution. This conduct, combined with his prior disbarment based on similar actions,[5] clearly indicates respondent lacks the moral fitness to practice law and is a threat to his clients, the profession and the public.
Recognizing that respondent is already disbarred, we will extend the minimum period for readmission pursuant to Supreme Court Rule XIX, § 24(A) for an additional five years from the finality of the instant judgment. Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987).
DECREE
Accordingly, it is ordered that respondent, G. Don Irby, is prohibited from petitioning this court for readmission pursuant to Supreme Court Rule XIX, § 24(A) until five years have passed from the finality of this judgment. It is further ordered that respondent make full restitution to his former clients with legal interest. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. Respondent was disbarred in 1995. In re Irby, 95-1656 (La.9/15/95), 660 So.2d 432.

.Rule 1.3 provides:
A lawyer shall act with reasonable diligence and promptness in representing a client.
Rule 1.4(b) provides:
The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.
Rule 1.8(c) provides:
A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as a parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.
Rule 1.15(b) provides:
Upon receiving funds or other property in which a client or third party has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third persons any funds or other property that the client or third person is entitled to receive, and upon request by the client or third person, shall promptly render a full accounting regarding such property.
Rule 8.4 provides in pertinent part:
It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(g) Except upon the expressed assertion of a constitutional privilege, to fail to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct.

. The certified mail return receipt indicates respondent personally signed the receipt.

. As stated, respondent is currently disbarred.

. Respondent’s prior disbarment was based on his representation of a client in a personal injury case which ultimately settled. Respondent withheld $1,650.00 of the settlement funds for the specific purpose of paying the client's outstanding medical bill. However, respondent never paid the medical bill, nor did he give the money to his client, instead converted it to his own use.